E-FILED
Tuesday, 02 June, 2026  09:53:55 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; and IRON WORKERS LOCAL NO. 46 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, <br><br> Plaintiffs, <br><br> vs. <br><br> SICILIANO INC, an Illinois corporation; <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.:  3:26-cv-3182 |

**COMPLAINT**

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), and IRON WORKERS LOCAL NO. 46 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL, AND REINFORCING IRON WORKERS ("Local 46"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, SICILIANO INC ("Siciliano"), and in support allege as follows:

**JURISDICTION AND VENUE**

1.  Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145)

1

and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Count II alleges breach of the Installment Payment Agreement entered by and between Plaintiffs and Defendant Siciliano in December 2025 ("Payment Agreement"). The Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant is located within the jurisdiction of the United States District Court for the Central District of Illinois, Springfield Division.

**PARTIES**

4. The Trust Funds receive contributions from numerous employers pursuant to the collective bargaining agreements ("CBAs") of the local unions that comprise the Iron Workers St. Louis District Council, and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

6. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. Local 46 is a labor organization located in Springfield, Illinois, and is part of the Iron Workers St. Louis District Council.

8. Defendant Siciliano is an Illinois corporation with its principal place of business in

2

Springfield, Illinois.

<h2 style="text-align:center"><b><u>FACTS COMMON TO ALL COUNTS</u></b></h2>

9. Defendant Siciliano is an employer engaged in an industry affecting commerce.

10. Defendant Siciliano is signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

11. Through the CBAs and Participation Agreement, Defendant Siciliano became bound by the provisions of the Trust Funds' Trust Agreements.

12. Pursuant to the provisions of the CBAs and Trust Agreements, Defendant Siciliano is obligated to make monthly reports of hours worked by its covered employees and pay fringe benefit contributions to the Trust Funds and certain contributions and wage deductions to Local 46 at the negotiated rates.

13. Pursuant to the powers granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Audit and Collection Policy and Procedures ("Collection Policy"), which governs the collection of employer contributions and payroll compliance audits.

14. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements, and the Collection Policy, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

15. Pursuant to Section 502(g)(2) of ERISA, the CBAs, the Trust Agreements, and the Collection Policy, employers who fail to submit their contribution reports and/or

contribution payments to the Trust Funds in a timely manner are also responsible for the payment of reasonable attorneys' fees and costs associated with collecting the delinquent contributions.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

16.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-15 of this Complaint with the same force and effect as if fully set forth herein.

17.    Defendant Siciliano submitted a contribution report for the work month of May 2023 but failed to make the corresponding contributions and wage deductions payment in the amount of $4,142.40.

18.    Defendant Siciliano has also failed to submit its contribution report for the work months of March 2026 and April 2026, and therefore owes Plaintiffs contributions, wage deductions, liquidated damages, and interest in an unknown amount.

19.    Defendant Siciliano has a continuing obligation to pay contributions and wage deductions to Plaintiffs and, as a result, additional monies may be owed.

20.    Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Defendant Siciliano.

21.    Defendant Siciliano is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.    Judgment be entered in favor of Plaintiffs and against Defendant Siciliano in the aggregate amount of $4,142.40 in contributions and wage deductions for May 2023;

4

B.    Defendant Siciliano be ordered to produce its contribution reports for the work months of March 2026 and April 2026, along with any subsequent contribution reports that should become due during the pendency of this action;

C.    Judgment be entered in favor of Plaintiffs and against Defendant Siciliano in an unknown amount for all contributions, wage deductions, liquidated damages, and interest revealed to be due and owing by Defendant Siciliano's contribution reports for the work months of March 2026 and April 2026;

D.    Judgment be entered in favor of Plaintiffs and against Defendant Siciliano for any other contributions, wage deductions, liquidated damages, and/or interest found to be due and owing in addition to those referenced in paragraphs A and C above;

E.    Defendant Siciliano be ordered to pay the reasonable attorneys' fees and costs incurred by the Trust Funds pursuant to the CBAs, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

F.    Plaintiffs be granted such other and further relief as the Court may deem just and equitable all at Defendant Siciliano's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

### COUNT II
### BREACH OF THE INSTALLMENT PAYMENT AGREEMENT

22.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23.    In December 2025, Defendant Siciliano entered into a Payment Agreement with the Trust Funds for payment of the principal balance of $93,200.58. (A copy of the Payment Agreement is attached hereto as **Exhibit 2**).

24.    Pursuant to the Payment Agreement, Defendant Siciliano is required to make twenty-four (24) monthly payments in the amount of $4,257.84 to the Trust Funds, beginning on

5

January 15, 2026, and ending on December 15, 2027. (**Exhibit 2**).

25.    Paragraph 4 of the Payment Agreement provides:

> Siciliano further agrees to submit all other Contribution Remittance Reports and payments to the Trust Funds during the term of this Agreement in a timely manner, beginning with the Contribution Remittance Report for November 2025. Failure by Siciliano to submit the Contribution Remittance Reports and payments in a timely manner shall constitute a default of this Agreement.

(**Exhibit 2**).

26.    Paragraph 8 of the Payment Agreement provides:

> In the event Siciliano defaults on any obligation under the terms of this Agreement, (a) all remaining payments shall be accelerated [and] become immediately payable; (b) Siciliano hereby confesses judgment for any and all outstanding amounts due under this Agreement; (c) an additional liquidated damages charge of ten percent (10%) of all unpaid amounts shall become due and payable by Siciliano; (d) the Trust Funds may file a lawsuit without notice against Siciliano for any outstanding balance owed pursuant to this Agreement; and (e) in the event the Trust Funds are required to engage an attorney to collect any amounts due under this Agreement, Siciliano shall be liable for all reasonable attorneys' fees and costs incurred by the Trust Funds.

(**Exhibit 2**).

27.    Defendant Siciliano failed to remit payment for installments one (1) through five (5) under the Payment Agreement.

28.    Defendant Siciliano also failed to submit its ongoing contributions for the work months of March 2026 and April 2026.

29.    Pursuant to Paragraph 8 of the Payment Agreement, the Trust Funds accelerated the remaining installments required by the Payment Agreement and assessed liquidated damages equal to ten percent (10%) of the remaining installments. As a result, Defendant Siciliano owes the Trust Funds $93,200.58 in principal and $9,320.06 in liquidated damages.

30.    Defendant Siciliano is obligated to pay the reasonable attorneys' fees and court costs incurred by the Trust Funds pursuant to Paragraph 8(e) of the Payment Agreement.

**WHEREFORE**, Plaintiffs respectfully request that:

A.    Judgment be entered in favor of Plaintiffs and against Defendant Siciliano in the aggregate amount of $102,520.64, itemized as follows:

    i.    $93,200.58 in principal under the Payment Agreement; and

    ii.    $9,320.06 in liquidated damages for breaching the Payment Agreement.

B.    Defendant Siciliano be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the Payment Agreement.

Respectfully submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, IN 46032
Phone: (317) 754-8720
Fax: (312) 255-0449
decker@johnsonkrol.com

*Attorney for Plaintiffs*

7